CHARGE NUMBER

# CHARGE OF DISCRIMINATION

This form is effected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY
- [ ] FEPA
- [ ] EEOC

CHARGE NUMBER _____ and EEOC

State or local Agency, if any _____

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| MS. MARIE ESTIME | 718 - 460 - 0504 | |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| P.O. BOX 87201, JAMAICA, N.Y. 11431 | | ON FILE |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| QUEENS DETENTION COMPLEX | Approximately 300 | 718 - 575 -5338 |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | | COUNTY |
| 126-02 82nd Avenue, KEW Gardens, N.Y. 11415 | | QUEENS |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| NEW YORK CITY DEPARTMENT OF CORRECTION (HEADQUARTERS) | 212 - 266 - 1025 / 1212 |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | COUNTY |
| 60 HUDSON STREET, 6th FLOOR, NEW YORK, N.Y. 10013 | MANHATTAN |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

- [ ] RACE
- [ ] COLOR
- [x] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [ ] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [x] OTHER (Specify) SEE ATTACHED.

DATE DISCRIMINATION TOOK PLACE EARLIEST/LATEST
JANUARY & FEBRUARY 2005

- [x] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

PLEASE SEE ATTACHED.

MARISOL GERONIMO
Notary Public, State of New York
No. 01GE6113625
Qualified in Queens County
Commission Expires Aug. 2, 2008

/s/ Marisol Geronimo

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements) 2/18/05

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

/s/

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date 02/18/05    Charging Party (Signature)

18-February-2005

EEOC FORM 5 (REV. 3/01)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

In the Matter of the Complaint of Marie Estime, Complainant against
New York City Department of Correction, Arthur Spencer, Respondents.

Marie Estime, (hereinafter, "Complainant") resides in Queens, New York, complaining of respondents, alleges as follows:

1. Complainant Marie Estime is of Haitian national origin, and opposed the following discriminatory practices from on or about January 2002 to February 12, 2005: (a) Sexual harassment; (b) Harassment, (c) Harassment via telephone, (d) Inappropriate aggressive sexual conduct, (e) Verbal abuse (f) Intimidation.

2. Respondent New York City Department of Correction (hereinafter "Department of Correction") is an employer. Its address is 60 Hudson Street, 6th Floor, New York, NY 10013.

3. Respondent Arthur Spencer is employed by respondent Department of Correction as Correction Captain. His address is c/o NYC Department of Correction, 60 Hudson Street, 6th Floor, New York, NY 10013.

4. Complainant was hired by respondent Department of Correction as a Correction Officer on or about October 13, 1986. On or about December 27, 1996 complainant was promoted to Correction Captain.

5. From on or about January 2002 to February 12, 2005, respondent Arthur Spencer subjected complainant to sexual harassment including, but not limited to, using profanity while grabbing his penis and/or scratching his groin area. Exposing complainant to disrespect while he holds an erection; describing the size of his genitals; scratching his penis and groin area with legs apart and forcing complainant to watch. Even when complainant ignores him, respondent calls out her name forcing her to look at his filthy actions. Respondent Spencer's sexual aggressiveness scares complainant. Respondent Spencer use sexually suggestive remarks, sexually suggestive gesturing, verbal harassment or abuse of a sexual nature, and harassment via telephone.

6. From on or about January 2005 respondent Arthur Spencer unlawfully and repeatedly gained entry into complainant's locker room violating her constitutional right to privacy, creating an intimidating, hostile and offensive work environment. Respondent Spencer continuously obtained entry to female supervisor's locker room with emergency key left in the Central Control Room that is clearly marked, "Female Locker Room." Michelle Pritchard, Captain reported that she found respondent Spencer in the female Captain's locker room and was startled and upset about his offensive

appearance. When confronted by Complainant, respondent Spencer used abusive language, i.e., "Bitch, I come there all the time. You fuckin think you can stop me! I'll fucking kick your ass bitch." Respondent Spencer admitted that he deliberately goes in the female locker room and threatened complainant with bodily harm for opposing such unlawful behavior. In addition, Patricia Singleton, Correction Officer, on two (2) occasions witnessed respondent Spencer enter the female supervisors locker room at Queens House – Queens Detention Complex.

7. From on or about February 12, 2005, at approximately 12:35 a.m., respondent Arthur Spencer harassed complainant via telephone, "Crank call." In Queens Detention Complex Central Control, Patricia Singleton, Correction Officer, answered a crank call from an unidentified male whose voice she recognized to be respondent Arthur Spencer. The caller stated, "Is this the house of prayer? I want to talk to the Reverend! Pass the phone to the Reverend! I want the Reverend!" Officer Singleton quickly hung up the phone and advised complainant, the Central Control Supervisor, "It was a crank call from Captain Spencer for you."

8. From on or about February 8, 2005 at approximately 1:45 a.m., respondent Arthur Spencer harassed complainant via telephone, "Crank call." Respondent Spencer cranked called complainant from Queens Courts (Queens Detention Complex) Supervisor's Office at extension 5376 identified by caller ID on the Queens House (Queens Detention Complex) Central Control Room Captain's desk telephone. On said date and time, Respondent Spencer was the only supervisor on duty to be in said office. When complainant answered the call, respondent Spencer held the line open and said nothing. Complainant charges that respondent Spencer sporadically in the past would crank call her as once witnessed by Rowan Hardial, Captain (retired), Gregory Fields, Correction Officer (retired), and Correction Officer Wade (retired). Respondent Spencer would either laugh, breathing heavily or remained silent.

9. From on or about December 11, 2003 complainant verbally complained to Emilio Pennes, Assistant Deputy Warden, Commanding Officer of Queens Detention Complex about ongoing sexual harassment, harassment including, but not limited to, disrespect by respondent Arthur Spencer (in the presence of a witness). Commanding Officer Emilio Pennes did not promptly report and/or correct inappropriate conduct brought to his attention by complainant.

10. Complainant charges that the respondents have discriminated against her by denying her equal terms and conditions of employment pursuant to the municipal practices, policies and customs of the City of New York, and these violations are ongoing. On information and belief, municipal respondents are well aware of this pattern but are deliberately indifferent to the same.

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

BJS:WBF:mdw
DJ 170-51-368

OCT 4 2005

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Marie Estime
Post Office Box 32201
Jamaica, New York 11431

       Re: Marie Estime v. New York City Department of
           Correction, EEOC No. 160-2005-01333

Dear Ms. Estime:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

    We are returning the files in this matter to EEOC's New York District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Spencer H. Lewis, Jr., District Director, EEOC, 33 Whitehall Street, 5th Floor, New York, NY 10004.

                                Sincerely,

                                Bradley J. Schlozman
                                Acting Assistant Attorney General
                                Civil Rights Division

                By:                    *[signature]*
                                William B. Fenton
                                Deputy Chief
                                Employment Litigation Section

cc: David G. Goldfarb, Esq.
    New York City Department of Correction